**ADMINISTRATOR, UNITED STATES SMALL BUSINESS ADMINISTRATION, Plaintiff**

**v.**

**AMERIKA SAMOA BANK, Defendant**

High Court of American Samoa
Trial Division

CA No. 68-98

April 29, 1999

Before RICHMOND, Associate Justice, TUA`OLO, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Brian M. Thompson
For Defendant, Jennifer L. Joneson

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT
(COUNT I—BREACH OF CONTRACT)

On December 8, 1998, plaintiff Administrator, United States Small Business Administration ("SBA") filed a motion for partial judgment on the pleadings and or for summary judgment on the breach of contract claim (Count I) against defendant Amerika Samoa Bank ("ASB"). The motion was heard on March 5, 1999 with counsel for both parties present.

 A motion for partial judgment on the pleadings is made under T.C.R.C.P. 12(c). In a motion for judgment on the pleadings, a court may look only at the pleadings. A judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (2d ed. 1990 & Supp. 1998). Because this court looked beyond the pleadings, this court treats the motion as one for summary judgment. In a motion for summary judgment, the court may examine "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." T.C.R.C.P. Rule 56(c).

At issue in this motion for summary judgment on the breach of contract claim is the interpretation of the subordination agreement, specifically, the following paragraph:

> SBA does hereby subordinate and does hereby declare to be subordinate to 68% of ASB's mortgage covering the restaurant building known as Soli & Mark's Family Restaurant. In no event however, shall this subordination exceed 68% of the principal amount of ASB's loan to Borrower for One Hundred Eighty-Three Thousand Seven Hundred Five Dollars ($183,705.00) plus interest, fees, or costs applicable to the bank loan or mortgage.

Subordination Agreement at 3.

 A subordination agreement is to be interpreted according to ordinary contract principles. *In re General Homes Corp.* 134 B.R. 853, 864 (Bankr. S.D. Tx. 1991) *cited in In re Exec Tech Partners,* 107 F.3d 677, 681 (8th Cir. 1997). Ordinary contract principles provide that if the language of the contract is plain and unambiguous, the intention expressed and indicated controls, rather than whatever may be claimed to have been the actual intention of the parties. 17A AM.JUR.2D *Contracts* § 337 (2d ed 1991 & Supp. 1998). Where the language is plain and unambiguous, the meaning of a contract should be determined without reference to extrinsic facts or aids. 17A AM.JUR.2D, *Contracts* § 337.

In this instance, the express intention of the subordination agreement was that SBA subordinated itself to ASB, thereby changing lien priorities with ASE. The subordination agreement, however, did more than change lien priorities. The agreement also subjected the lien priorities to certain restraints. ASB's lien priority changed to first upon this agreement, but only up to 68% of the original principal loan amount plus interest, fees, or costs applicable to the loan or mortgage. SBA, as the creditor with a second lien priority, was entitled to all or an appropriate portion of the amount exceeding the 68% limitation. ASH, therefore, is contractually allowed to receive no more than 68% of the initial principal loan amount plus applicable interest, fees or costs. As such, the subordination agreement was not a fully performed contract. The allowance of receiving only up to the amount of the 68% limitation remained to be performed.

SBA is further eligible to receive the contractually specified amount from ASH based upon A.S.C.A. § 37.1103. A.S.C.A. § 37.1103 provides:

> Mortgage creditors shall be entitled to payment according to the priority of their liens, and not pro rata; and the judgments of foreclosure shall operate to extinguish the liens of subsequent mortgages of the same property, without forcing prior mortgages to their right of recovery. The surplus after payment of the mortgage foreclosed shall be applied pro tanto to the next junior mortgage, and so on to the payment, wholly or in part, of mortgages junior to the one assessed.

 The requirement that mortgage creditors be paid according to the priority of their liens is statutorily mandated. SBA, therefore, is entitled to receive its share of the sale price according to A.S.C.A. § 37.1103.

ASH claims that SBA failed to receive funds from the foreclosure sale due to its failure to fully and timely assert its interest as a competing

lienholder. As a result, ASH asserts that SBA missed its opportunity to collect from Soli Corporation on its debt. Even if SEA missed its opportunity to collect from the Soli Corporation, SBA has not missed its opportunity to collect from ASH as contractually allowed.

The subordination agreement allowed ASH to receive no more than

68% of the principal amount of ASH's loan to Borrower for One Hundred Eighty-Three Thousand Seven Hundred Five Dollars ($183,705.00) plus interest, fees or costs applicable to the bank loan or mortgage.

SEA's share, therefore, is calculated as follows:

| | | |
|---|---|---|
| (1) | ASB's original loan (principal amount of subordination limitation) | $183,705.00 |
| (2) | Interest to November 9, 1992 | $14,803.32 |
| (3) | Interest from November 10, 1992 to January 24, 1994 (foreclosure sale date) | 31,397.00 |
| (4) | Total interest | 46,200.32 |
| (5) | Fees and costs | 9,572.71 |
| (6) | Total subordination limitation | $239,478.03 |
| (7) | Credit Bid | $176,254.71 |
| (8) | Minus 68% x 239,478.03 | 162,845.06 |
| (9) | Surplus over subordination limitation | $13,409.65 |

■ SBA wants, in addition, simple interest at the rate of 6% from January 24, 1994 on the amount exceeding the subordination limitation. However, SBA was an intervenor party to this action when the foreclosure sale was conducted, and it then waited five years before instituting this suit against ASH. We consider SBA's delay in bringing this action to be unduly dilatory. We can, in our discretion, deny prejudgment interest in outlandish situations, including delay in bringing suit. *Interocean Ships v. Samoa Gases,* 26 A.S.R.2d 28, 43 (Trial Div. 1994). Thus, we will not grant any prejudgment interest to SBA.

SBA is entitled to receive $13,409.65 from ASE. Therefore, SBA is granted summary judgment in the sum of $13,409.65 against ASH.

It is so ordered